IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:19-046 |
| | § | |
| ARTURO ACEVEDO ARAUJO, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Arturo Acevedo Araujo's Motion to Dismiss the Indictment ("Motion to Dismiss" or "Motion") [Doc. # 21]. The Government filed a response.[1] Acevedo Araujo has not filed a reply and his time to do so has expired.[2] The Motion is now ripe for decision. Based on the parties' briefing, relevant matters of record, and pertinent legal authority, the Court **denies** the Motion.

### I. BACKGROUND

Defendant Acevedo Araujo is charged by indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326.[3] Acevedo Araujo was first

---

[1] The United States' Opposition to Defendant's Motion to Dismiss the Indictment ("Response") [Doc. # 23].

[2] *See* Hon. Nancy F. Atlas, Court Procedures and Forms, R.7(A)(4).

[3] Indictment [Doc. # 10].

placed in removal proceedings in 2003, by the issuance of a Notice to Appear ("NTA") that alleged he was subject to removal for entering the United States as a noncitizen without being admitted or paroled after inspection by an immigration officer.[4] The NTA stated that his hearing would be held on a date and at a time "to be set."[5] The NTA was served on Acevedo Araujo by mail while he was in state custody on February 24, 2004, and contained a certificate of service.[6]

On March 3, 2004, the Immigration Judge ("IJ") issued a Notice of Hearing in Removal Proceedings ("NOH"), notifying Acevedo Araujo that a hearing in his case was scheduled for March 24, 2004.[7] The NOH provided Acevedo Araujo with a date, time, and location of the hearing.[8] The NOH was served by mail on Acevedo Araujo while he was in state custody on March 3, 2004, and contained a certificate of service.[9]

---

[4] Notice to Appear [Doc. # 21-1].

[5] *Id.*

[6] *Id.*

[7] Notice of Hearing in Removal Proceedings [Doc. # 23-2].

[8] *Id.*

[9] *Id.*

On March 23, 2004, Acevedo Araujo and his attorney signed and executed a Stipulated Request for Order/Waiver of Hearing Pursuant to 8 CFR 1003.25(b) ("Stipulation").[10] In the Stipulation, Acevedo Araujo, who was represented by counsel, admitted that he was served with a copy of the NTA, dated September 2, 2003.[11] Acevedo Araujo acknowledged that he understood his rights in the proceeding and admitted that all factual allegations in the NTA were true.[12] Acevedo Araujo agreed to waive his right to appeal the order of removal from the United States.[13] Acevedo Araujo was ordered deported,[14] and removed.[15]

On February 17, 2018, immigration authorities discovered Acevedo Araujo in Edinburg, Texas. On January 24, 2019, Acevedo Araujo was indicted for illegal reentry.

Acevedo Araujo now moves to dismiss the indictment, arguing that because the NTA lacked a time and place for the removal hearing, subject matter

---

[10] Respondent's Stipulated Request for Order; Waiver of Hearing Pursuant to 8 CFR 1003.25(b) [Doc. # 23-3].

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Order of the Immigration Judge [Doc. # 21-2].

[15] Warrant of Removal/Deportation [Doc. # 21-5].

jurisdiction did not vest in the Immigration Court and the IJ's removal order was therefore a legal nullity. Acevedo Araujo alternatively argues that the indictment should be dismissed because the prior removal was fundamentally unfair in violation of due process.

## II. DISCUSSION

Acevedo Araujo argues that the order of removal is void and thus cannot support a § 1326 conviction. Acevedo Araujo fundamental argument is that the IJ lacked subject matter jurisdiction to issue the removal order because the NTA failed to specify a date and time for the removal proceedings. Acevedo Araujo submits that under federal statute, regulations, and the Supreme Court's recent decision in *Pereira v. Sessions*, NTAs *must* provide notice of the date and time of the removal proceedings to be valid and to vest jurisdiction in the immigration court. *See Pereira v. Sessions*, 138 S. Ct. 2105, 2110-14 (2018). District courts across the country have grappled with similar challenges and reached different conclusions.

The Court concludes that Acevedo Araujo's challenge does not warrant dismissal of the indictment because Acevedo Araujo's collateral attack on the removal order is barred by 8 U.S.C. § 1326(d). Consequently, the Court **denies** Acevedo Araujo's Motion.

Section 1326(d) limits the ability of defendants charged with illegal reentry to collaterally attack an underlying deportation order. A defendant may not challenge the validity of the underlying removal order unless he demonstrates three separate things: (1) he has exhausted any administrative remedies that may have been available to seek relief against the order; (2) the removal proceedings resulting in the order deprived the defendant of the opportunity for judicial review; and (3) the entry of the underlying order was fundamentally unfair. 8 U.S.C. § 1326(d)); *United States v. Garrido*, 519 F. App'x 241, 242 (5th Cir. 2013) (per curiam); *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002). The defendant must establish all three prongs to prevail; the failure to prove one is fatal to his challenge. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003) (setting forth the same three factors as § 1326(d); *United States v. Cordova-Soto*, 804 F.3d 714, 718 (5th Cir. 2015). Acevedo Araujo fails to satisfy § 1326(d)'s third prong—that the underlying proceedings were "fundamentally unfair."

To demonstrate the underlying proceedings were "fundamentally unfair," a defendant must show "actual prejudice," meaning "there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." *See Mendoza-Mata*, 322 F.3d at 832 (quoting *United States v. Benitez-Villafuerte*, 186 F.3d 651, 659 (5th Cir. 1999)); *Garrido*, 519 F. App'x at 242 ("To

5

P:\ORDERS\11-2019\46MDism.docx 190517.1520

show actual prejudice, the alien must establish that, but for the errors of which he complains, there is a reasonable likelihood that he would not have been deported."). The "errors complained of" here were the NTA's failure to specify the date, time, and location of an immigration hearing. However, Acevedo Araujo received notice of the hearing's date, time, and location through the NOH, appeared at the hearing, and was represented by counsel at the hearing.

Acevedo Araujo fails to demonstrate, or even argue, that had he received an NTA with a hearing date, time, and location, he would not have been deported. Acevedo Araujo received notice of the removal hearing's date, time, and location via the NOH and was present at that hearing, with counsel. There is no indication in the record that had the NTA included the date, time, and location for the removal hearing, the outcome would have been different. Acevedo Araujo does not demonstrate the entry of the removal order was fundamentally unfair. He is therefore barred from collaterally attacking his removal order. *Cf. United States v. Castellanos*, No. 4:18-00592, 2019 WL 1879475, at *2 (S.D. Tex. Apr. 26, 2019) (denying motion to dismiss indictment based on § 1326(d)'s bar when the defendant requested an expedited hearing, which was held with defendant present, and nothing in the record indicated that, if the NTA had included the date and time, the proceeding would not have resulted in the defendant's removal); *United States*

6

*v. Lara-Martinez*, No. H-18-647, 2018 WL 6590798, at *3 (S.D. Tex. Dec. 14, 2018) (same).

## III. <u>**CONCLUSION AND ORDER**</u>

Because Acevedo Araujo has failed to satisfy at least one of § 1326(d)'s three requirements, his collateral attack on the prior removal order is barred. Acevedo Araujo Motion to Dismiss the indictment fails. It is therefore

**ORDERED** that Defendant's Motion to Dismiss Indictment [Doc. # 21] is **DENIED**.

SIGNED at Houston, Texas, this 17th day of **May, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE